UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MUSTAFA ABDULKAREEM HAMDAN,   CIVIL NO. 16-3138 (SRN/DTS)

    Petitioner,

v.   REPORT AND RECOMMENDATION

LORETTA LYNCH, et al.,

    Respondents.

This matter is before the undersigned Magistrate Judge of the District Court on Mustafa Abdulkareem Hamdan's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1. This case was referred for a Report and Recommendation pursuant to 28 U.S.C. § 636.

For the reasons stated below, it is recommended that the Petition for a Writ of Habeas Corpus be DENIED AS MOOT and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Mustafa Abdulkareem Hamdan ("Petitioner") is a native of Iraq. Petition ¶ 6, ECF No. 1. He was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on March 2, 2016. *Id.* On March 11, 2016 an immigration judge ordered Petitioner removed to Iraq. *Id.* ¶ 11. On September 21, 2016 Petitioner filed this Petition for a Writ of Habeas Corpus challenging his continued post-removal order detention. *Id.* ¶¶ 20, 22. On October 5, 2016 the Court ordered Respondents to file an answer to the Petition within thirty days of the Order. ECF No. 2. ICE released Petitioner from custody under an Order of Supervision on October 28, 2016. Decl. of

1

Ana Voss, Ex. 1 (Release Notification and Service; Order of Supervision), ECF No. 4. On November 3, 2016 Respondents filed a Response to Habeas Petition requesting denial of the Petition as moot due to Petitioner's release from custody. ECF No. 3.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (omission in original) (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Petitioner has been released from custody pending his removal to Iraq. He has thus received the relief he sought, and his habeas petition is moot. *See Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (en banc). Mootness deprives the Court of subject matter jurisdiction in this action.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT:

1. Mustafa Abdulkareem Hamdan's Petition for a Writ of Habeas Corpus [ECF 1] be DENIED AS MOOT.

2. This action be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated:  March 17, 2017

*s/David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.